Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have made changes to the text of a previously rejected measure, see Ark. Op. Att'y Gen. No. 2000-186, and now propose the following popular name and ballot title for my certification:
 POPULAR NAME OPERATION OF NON-PROFIT ORGANIZATION BINGO AND RAFFLES, PAYMENT OF CANVASSERS AND SPONSORS, SCHOLARSHIPS AND TEACHERS PAY USING FOOD TAX WITH INTENT TO ABOLISH FOOD TAX
 BALLOT TITLE AN AMENDMENT PROVIDING NON-PROFIT ORGANIZATIONS INCORPORATED IN THE STATE OR REGISTERED TO DO BUSINESS IN THE STATE TO OPERATE BINGO AS THE RISKING OF MONEY ON A GAME PLAYED WITH CARDS HAVING NUMBERED SQUARES CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY BY COVERING THE NUMBERS IN ANY SUCH MANNER AS SHALL BE REQUESTED BY THE OPERATOR OF THE GAME, AND TO OPERATE RAFFLES AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE AS VOLUNTARY OPTIONS OF OPERATION BY NON PROFIT ORGANIZATIONS; PROVIDING NO TAX, LICENSE OR FEES ON THE OPERATION OF BINGO AND RAFFLES BY A NON-PROFIT ORGANIZATION INCORPORATED OR REGISTERED TO DO BUSINESS IN THE STATE; PROVIDING FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSION AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF FUNDS IN THE CANVASSER'S ACCOUNT, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS AS DEFINED HEREIN FOR THE FIRST 180 DAYS AFTER PASSAGE OF THIS AMENDMENT AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE CANVASSER'S ACCOUNT FOR SAID TIME; CREATING THE CANVASSER'S ACCOUNT SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT THE "CANVASSER'S ACCOUNT" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE CANVASSER'' ACCOUNT MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE CANVASSER'' ACCOUNT IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. §§ 24-3-408, -414, -415, -417 TO -425 AND A.C.A. § 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE CANVASSER'S ACCOUNT, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING 40% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT TO BE DIVIDED EQUALLY BY THE NUMBER OF REGISTERED VOTER SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING AN EQUAL PART FROM THE ACCOUNT FOR EACH REGISTERED VOTER'S SIGNATURE ACCEPTED AS VALID BY THE SECRETARY OF STATE; REQUIRING THE STATE BOARD OF FINANCE TO PAY 10% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT TO THE SPONSOR OF THIS AMENDMENT; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE TO THE CANVASSERS AND SPONSOR OF THIS AMENDMENT NOT MORE THAN 30 WORKING DAYS AFTER THE FINAL DEPOSIT OF THE PRINCIPAL AMOUNT IN THE CANVASSER'S ACCOUNT; PROVIDING 50% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S PAYMENT ACCOUNT BE RETAINED IN THE CANVASSER'S ACCOUNT; PROVIDING ALL INVESTMENT EARNINGS ON THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT BE RETAINED IN THE ACCOUNT; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION AS A PETITIONER WITH THEIR SIGNATURE AS CANVASSER; AUTHORIZING 40% OF THE INVESTMENT EARNINGS FROM THE DATE OF CERTIFICATION BY THE ATTORNEY GENERAL OF ANY STATE WIDE AMENDMENT, ACT OR REFERENDUM TO THE DATE OF PASSAGE BY THE VOTERS BE EQUALLY DIVIDED BY THE NUMBER OF REGISTERED VOTER SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THE AMENDMENT, ACT OR REFERENDUM ON THE GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING AN EQUAL PART FROM THE CANVASSER'S ACCOUNT FOR EACH REGISTERED VOTER'S SIGNATURE ACCEPTED AS VALID BY THE SECRETARY OF STATE; AUTHORIZING 10% OF THE INVESTMENT EARNINGS FROM THE DATE OF CERTIFICATION BY THE ATTORNEY GENERAL OF ANY AMENDMENT, ACT OR REFERENDUM TO THE DATE OF PASSAGE BY THE VOTERS BE PAID FROM THE CANVASSER'S ACCOUNT TO THE SPONSOR; REQUIRING THE STATE BOARD OF FINANCE TO PAY THE CANVASSERS AND SPONSORS FROM THE CANVASSER'S ACCOUNT NOT MORE THAN 30 DAYS AFTER PASSAGE OF ANY STATE WIDE AMENDMENT, ACT OR REFERENDUM WITH EXCEPTION OF EXCLUSION TO THOSE CANVASSERS AND THE SPONSOR OF THIS AMENDMENT; REQUIRING REDEPOSIT OF INVESTMENT EARNINGS IN THE CANVASSER'S ACCOUNT NOT USED FOR THE PURPOSES HEREIN STATED; PROVIDING ANY PAYMENT FROM THE CANVASSER'S ACCOUNT BY THE STATE BOARD OF FINANCE TO ANY CANVASSER AND THE SPONSOR OF THIS AMENDMENT AND THE CANVASSERS AND SPONSORS OF ANY OTHER STATE WIDE AMENDMENT, ACT OR REFERENDUM APPROVED BY THE VOTERS TO BE EXEMPT FROM ANY STATE TAX; PROVIDING THE SECRETARY OF STATE TO FORWARD A COPY OF A SPONSOR'S PETITION ON ANY STATE WIDE AMENDMENT, ACT OR REFERENDUM CERTIFIED BY THE ATTORNEY GENERAL TO THE COUNTY CLERK OF EACH COUNTY WITHIN THE STATE; PROVIDING THE COUNTY CLERKS TO POST THE PETITIONS AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING; PROVIDING THE COUNTY CLERK TO PROVIDE A COPY OF ANY PETITION TO ANY PERSON UPON REQUEST BY THAT PERSON AND TO CHARGE NO FEE FOR ANY COPY OR SERVICE TO PROVIDE A COPY OF A PETITION; PROVIDING FOR THE DEPOSIT OF FUNDS IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS AS DEFINED HEREIN 181 DAYS AFTER PASSAGE OF THIS AMENDMENT AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE FUND AT SAID TIME; CREATING THE GEORGE W. DONAGHEY SCHOLARSHIP FUND SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT THE "GEORGE W. DONAGHEY SCHOLARSHIP FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE GEORGE W. DONAGHEY SCHOLARSHIP FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE GEORGE W. DONAGHEY SCHOLARSHIP FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. §§ 24-3-408, -414, -415, -417 TO -425 AND A.C.A. § 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE GEORGE W. DONAGHEY SCHOLARSHIP FUND, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 30% PERCENT OF THE PREVIOUS ANNUAL INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND FOR SCHOLARSHIPS TO ANY PUBLICLY FUNDED AND PRIVATE UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE OF WHICH NOT MORE THAN 40% OF THE FUNDS SHALL BE DISTRIBUTED FOR EACH SESSION OF CLASSES; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 18% PERCENT OF THE PREVIOUS ANNUAL INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO BE DIVIDED EQUALLY BY THE NUMBER OF TEACHERS FROM THE PREVIOUS YEAR EMPLOYED FULL TIME BY A PUBLICLY FUNDED INSTITUTE OF EDUCATION TO INCLUDE K THROUGH 12TH GRADES, UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES TO BE PAID TO THOSE TEACHERS THE FOLLOWING YEAR; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 2% PERCENT OF THE PREVIOUS ANNUAL INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO THE TEACHER'S RETIREMENT FUND; PROVIDING ANY PAYMENT BY THE STATE BOARD OF FINANCE FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO THE TEACHER'S RETIREMENT FUND, ANY TEACHER AND SCHOLARSHIP PAID TO ANY PERSON TO BE EXEMPT FROM ANY STATE TAX; REQUIRING REDEPOSIT IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND OF INVESTMENT EARNINGS NOT USED FOR THE PURPOSES HEREIN STATED; AUTHORIZING THE STATE BOARD OF FINANCE TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION FOR SCHOLARSHIPS TO THE STATE BOARD OF FINANCE WITH SUCH PAYMENT BEING MADE IN A TIMELY MANNER FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO THE UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL EARNED GROSS INCOME FROM THE PREVIOUS YEAR; REQUIRING DISTRIBUTION OF FULL-TUITION FROM THE GEORGE W. DONAGHEY SCHOLARSHIPS TO ANY UNIVERSITY, COLLEGE OR COMMUNITY COLLEGE IN THE STATE FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR TOTAL GROSS INCOME; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR A PERSON TO RETAKE A FAILED CLASS; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY PRIVATE UNIVERSITY AND COLLEGE FOR ANY PERSON TO TAKE A RELIGIOUS CLASS AS A REQUIREMENT OF THE UNIVERSITY OR COLLEGE; EXEMPTING FOOD ITEMS AS DEFINED HEREIN FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX WHEN 50% OF THE TOTAL AMOUNT OF THE INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND EXCEEDS THE ANNUAL DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX UNDER A.C.A. § 26-57-901 OF THE "ARKANSAS SOFT DRINK TAX ACT" AND TO PROVIDE ANY ITEMS HEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX ACT TO BE DEPOSITED IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON PREPARED RESTAURANT FOODS DEFINED AS A RESTAURANT OR SIMILAR BUSINESS UNDER A.C.A. § 20-57-208; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ALCOHOLIC BEVERAGES; PROVIDING THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to ambiguities in the text
of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 (1) Section One (1) of your proposed measure states that certain non-profit organizations "shall be permitted" to operate bingo, and "shall permit" the operation of raffles. Because of the fact that the subject of the verb" shall permit," as used in connection with the operation of raffles, is "any non-profit organization," it is unclear whether the intent of this section is to" permit" these non-profit organizations to operate raffles as well as bingo, or whether the intent is to require those non-profit organizations to permit others to operate raffles.
 (2) Section One (2) of your proposed measure prohibits the levy or application of any tax, license, or fee "on the operation of bingo and raffles." It is unclear from this language what particular aspect(s) of the operation of bingo and raffles is included in the prohibition.
 (3) Section Four of your proposed measure makes several references to the "passage" of a referendum, and provides for certain payments to be made from a particular account in the event of the "passage" of a referendum. This language is confusing, in that it is unclear whether it refers to the success of the measure being referred to the voters, or to the success of the sponsors of the petition for the referendum. It is unclear whether this section intends to reward the sponsor and signatories of a petition whose goal is to defeat a particular referred measure, even when that goal is not met.
 (4) Section Six of your proposed measure refers to A.C.A. § 7-9-107(e)(3). I note that the efficacy of this section is currently unclear under Arkansas law. Certain parts of A.C.A. § 7-9-107(e) were held unconstitutional in Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990). However, Finn was overruled to a certain extent in Roberts v. Priest, 341 Ark. ___, ___ S.W.3d ___ (July 7, 2000). The legal impact of these developments on the validity of A.C.A. § 7-9-107(e) is unclear, and this ambiguity in the law could, as a result, render your mention of A.C.A. § 7-9-107(e) confusing.
 (5) Section Nine of your proposed measure provides for the distribution of certain percentages "of the previous annual investment earnings" from a particular fund. The language of this section is ambiguous in that it does not indicate whether the phrase "previous annual investment earnings" refers to the 12-month period preceding the date of payment, or to the preceding calendar year.
 (6) Section Nine also provides for a distribution based upon" the number of teachers from the previous year employed full time by a publicly funded institute of education to include K through 12th
grades, universities, colleges and community colleges within the state with each teacher having been employed full time during the previous year receiving an equal part of the payment the following year." The phrases "previous year" and "following year" are problematic for the reasons discussed above. The term "full time" is also problematic. This term is not defined and could give rise to questions and disputes as to who is entitled to share in the distribution.
 (7) Sections Thirteen, Fourteen, and Fifteen each state that" this amendment shall not affect" certain currently existing taxes. It is unclear whether this language was intended to mean that the named taxes will not be discontinued, as stated in Section Twelve, or whether their proceeds will not be included in the funds created by the amendment, or both. The confusion is exacerbated by the affirmative statement in Section Thirteen that the tax named therein is to be included in one of the created funds.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:cyh